UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Timothy W. Hazelton

    v.                                        Civil No. 08-cv-419-JL

William Wrenn, et al.


**REPORT AND RECOMMENDATION**

    Timothy Hazelton has filed an untitled document (doc. no. 45), pro se, seeking to "reopen" his above-captioned civil rights action. This case was terminated upon the parties' submission of a Stipulation of Dismissal (doc. no. 43) on December 8, 2010. Hazelton asserts that the parties, prior to dismissal of the action, entered into a private settlement agreement ("PSA"), and that defendants have now breached the terms of that agreement, warranting reinstatement of this action. Defendants object (doc. no. 47).

**Discussion**

I.   The 2008 Civil Action

    In this case, originally filed in 2008, Hazelton asserted claims challenging conditions of his confinement at the Northern New Hampshire Correctional Facility. The case was resolved by a

Stipulation of Dismissal (doc. no. 43) on December 8, 2010.  The stipulation of dismissal states, in full:

> NOW COME the Plaintiff, Timothy W. Hazelton, Sr., by and through his attorney, Michael Sheehan, Esquire, and the Defendants, by and through their attorney, the New Hampshire Attorney General's Office, and submit the following Stipulation for this Court's approval: Plaintiff and state defendants hereby stipulate that all claims in this action are dismissed as to the state defendants with prejudice.  Case settled.  Judgment for neither party; no costs; no interest; no further action for the same cause.

The stipulation, specifying that dismissal was "with prejudice," was signed by counsel for both parties and filed in this court. The case was terminated without further order of the court on the same day.  Nothing in the record indicates that the court was aware of the terms of the PSA when the stipulation was filed; the PSA became part of this court's record for the first time when defendants attached a copy of it to their October 5, 2012, objection (doc. no. 47) to the motion to reopen.

II.  <u>Motion to Reopen (Doc. No. 45)</u>

Hazelton alleges that defendants breached the terms of the PSA,[1] and seeks to reinstate this action as a remedy for their

---

[1] Hazelton, in his motion to reopen, complains about the conditions of his confinement at the prison, and alleged deficiencies in the performance of his prior attorney in this matter.  The majority of the complaints listed in the motion are related neither to the claims in the underlying case, nor to the terms of the PSA.

2

breach.  Defendants deny that they have breached the PSA.  At issue here, however, is not the disagreement over whether the PSA has been breached, but whether reinstatement of this action is available to Hazelton.  Accordingly, the court leaves aside the question of whether defendants breached the PSA.

This court lacks jurisdiction to reinstate a case that was settled by a PSA and dismissed by a "with prejudice" stipulation of voluntary dismissal, as the court neither issued an order in which it retained that ability, nor included any terms of the settlement in an order dismissing the case.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (district court lacks jurisdiction to enforce the terms of a settlement agreement after the underlying federal court action has been dismissed with prejudice by stipulation of the parties under Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure).

> The Supreme Court recognized in Kokkonen that a United States district court may retain jurisdiction to enforce the provisions of a private settlement agreement even as it dismisses the litigation that the settlement resolves.  If the court does not issue an order of dismissal that states it is retaining jurisdiction or incorporate the terms of the settlement agreement into the order of dismissal, enforcement of the settlement agreement is left for state courts, unless there is an independent basis for federal jurisdiction.

Disability Law Ctr. v. Mass. Dep't of Corr., C.A. No. 07-10463-MLW, 2012 WL 1237760, *6 (D. Mass. Apr. 12, 2012) (citing Kokkonen, 511 U.S. at 381-82).

Here, the parties neither obtained court approval of the terms of the PSA, included the PSA's terms in the stipulation of dismissal, nor included any provision in the stipulation allowing the court to reinstate this matter for a breach of the terms of the PSA.  Accordingly, the court retains no jurisdiction to either enforce the terms of the PSA or reinstate this matter.  See Kokkonen, 511 U.S. at 382; Disability Law Ctr., 2012 WL 1237760, at *6.

Hazelton is not, however, without a remedy if the defendants have in fact breached the PSA.  When the terms of a private settlement agreement are breached, relief lies in a breach of contract action in the state courts.  See Fafel v. DiPaola, 399 F.3d 403, 413 (1st Cir. 2005) ("In the absence of an independent basis for federal jurisdiction or one of the additional measures required to retain ancillary jurisdiction, . . . 'enforcement of the settlement agreement is for the state courts.'" (quoting Kokkonen, 511 U.S. at 382)); see also 18 U.S.C. § 3626(c)(2)(B) ("Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under

4

State law."). Hazelton may also be able to file a new action in state or federal court alleging that prison officials have violated his federal constitutional rights.[2] But to enforce the PSA through a breach of contract action, Hazelton must proceed in state court.

## Conclusion

For the foregoing reasons, the court recommends that Hazelton's motion to reopen (doc. no. 45) be denied, without prejudice to Hazelton filing either an action for breach of the PSA in state court, or a new action under 42 U.S.C. § 1983, based on allegations that prison officials have violated his federal constitutional rights. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by

---

[2]This court declines to address whether the factual allegations set forth in Hazelton's motion might state independently actionable claims of violations of his federal rights under 42 U.S.C. § 1983, as that issue is not before the court in this case.

objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 10, 2013

cc:   Timothy W. Hazelton, pro se
      Brian W. Buonamano, Esq.
      Danielle Leah Pacik, Esq.
      Michael J. Sheehan, Esq.